IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| NICOLE MATTERS, | * |
| Plaintiff, | * |
| v. | * Civil Case No. 22-cv-02502-SAG |
| HOWARD COUNTY GENERAL HOSPITAL, INC., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Nicole Matters ("Plaintiff") is suing her former employer, Defendant Howard County General Hospital ("HCGH"), alleging employment discrimination and retaliation. ECF 1. HCGH has filed a motion to dismiss two counts of Plaintiff's six-count complaint for failure to state a claim. ECF 6. The Court has reviewed the motion, Plaintiff's opposition, ECF 10, and HCGH's reply, ECF 13. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the motion will be granted, but Plaintiff will be granted leave to amend the two dismissed counts.

**I.     FACTUAL BACKGROUND**

The following facts are derived from Plaintiff's Complaint and are assumed to be true for purposes of adjudicating HCGH's motion.[1] In July of 2014, Plaintiff began working as a Clinical Program Manager overseeing nurses in HCGH's Labor and Delivery department. ECF 1 ¶¶ 18, 20. She earned positive employment evaluations during the first several years of her tenure. *Id.* ¶¶

---

[1] This summary omits Plaintiff's allegations relating to discrimination on the basis of sex or sexual orientation, because those allegations are irrelevant to the instant motion.

22, 26-29. Beginning in the spring and summer of 2020, Plaintiff, who is white, began publicly supporting the Black Lives Matter movement, including the following actions:

- She issued a letter to her department in support of Black Lives Matter, *id.* ¶ 41;
- She hung a sign in her office supporting Black Lives Matter, which could be seen on Zoom, *id.* ¶ 42;
- She "frequently and openly spoke to the staff she managed about recognizing racial injustice and preventing it," *id.* ¶ 43;
- She "did extensive research on the statistics reporting worse neonatal outcomes for African American babies, including higher rates of fetal and maternal mortality among African American mothers and babies and informed her staff about these trends and ways to avoid and correct them," *id.* ¶ 44;
- She "championed the Maryland Maternal Health Innovation Program (MDMOM) Hospital Initiative to reduce/eliminate racial and ethnic health care disparities," *id.*;
- She "encouraged her staff to be ultra-vigilant about preventing and correcting race discrimination," *id.* ¶ 45;
- She "frequently and openly spoke with White and non-White staff members about the Hospitals'[sic] discrimination polices and their lived experiences, along with the need for reformed policies and additional training within the company;" *id.* ¶ 46; and
- She "criticized the Hospital for inadequate policies and trainings on race discrimination," *id.* ¶ 47.

In June, 2020, employees completed a peer review survey and more than sixty (60) employees anonymously reviewed Plaintiff as a manager. *Id.* ¶¶ 48, 51. Several of the negative surveys "specifically criticized [Plaintiff] for her vocal stance on race discrimination." *Id.* ¶ 54. Plaintiff's subsequent performance evaluation revealed lower ratings in the areas of "respect and collegiality" and "Leadership: Communicating Effectively." *Id.* ¶ 59. Those evaluations rested on the peer surveys. *Id.* ¶ 60. After placing Plaintiff on a Performance Improvement Plan, HCGH terminated her employment. *Id.* ¶ 84. This lawsuit ensues, in which Plaintiff alleges sex discrimination and sexual orientation discrimination in violation of Title VII and the Maryland Fair Employment Practices Act ("MFEPA"), retaliation for reporting discrimination based on sexual orientation in violation of Title VII and MFEPA, and retaliation for reporting race discrimination in violation of Title VII and MFEPA.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]") (quotation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a

3

complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quotations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

### III.    ANALYSIS

Counts II and V of Plaintiff's Complaint allege retaliation for opposing race discrimination in violation of Title VII and MFEPA, respectively. ECF 1. Those statutes are construed *in pari materia,* as MFEPA is the state analogue of Title VII. *See Bradley v. Baltimore Police Dept.,* Civ. No. JKB-11-1799, 2012 WL 4321738, at *10 (D. Md. Sept. 19, 2012). Both laws prohibit retaliation or discrimination against an employee who has "opposed any practice made an unlawful

practice by" Title VII. 42 U.S.C. § 2000e-3(a). In other words, to mount a retaliation claim, the employee must have taken protected action to oppose an unlawful employment practice by the employer. *DeMasters v. Carilion Clinic,* 796 F.3d 409, 417 (4th Cir. 2015) (noting that the oppositional activity must be directed at "an unlawful employment practice").

As presently pled, Plaintiff's Complaint does not refer to any racially discriminatory employment practices by HCGH. While it may be a matter of inartful drafting, at present it appears that Plaintiff's Complaint focuses on her efforts to prevent race discrimination generally and more specifically in the treatment of neonatal patients by HCGH's staff. The treatment of patients is not an unlawful employment practice, because patients are not employees.

In her opposition brief, Plaintiff provides marginally more descriptive assertions about her employment-related activity. ECF 10 at 9-10 (asserting that Plaintiff "explicitly said multiple times and in writing that . . . the Hospital was engaging in race discrimination towards patients and employees"). However, a litigant cannot amend a pleading through motions briefing. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Her complaint simply does not mention any discrimination against employees. However, given that courts should afford litigants liberal opportunities to amend a pleading, Plaintiff will be afforded three weeks to file an amended complaint adding factual allegations to Counts Two and Five to plausibly allege protected oppositional conduct dealing with employment practices.

IV.   **CONCLUSION**

For the reasons set forth above, HCGH's motion to dismiss Counts II and V, ECF 6, will be GRANTED. Those counts are dismissed without prejudice, and Plaintiff will be afforded three (3) weeks to file an Amended Complaint adding sufficient factual allegations to make those counts

viable. Should Plaintiff fail to do so, HCGH's clock will begin to run on February 23, 2023, for it to file its response to the remaining counts in the original Complaint. Otherwise, HCGH's response time will be dictated, in ordinary course, by the filing of the Amended Complaint. A separate order follows.

Dated: February 2, 2023 /s/
Stephanie A. Gallagher
United States District Judge